## Allen et al. v. Sarshik et al.

D. P. *Hibberd*, for plaintiffs; H. *Shapiro*, for defendants.

MARTIN, P. J., Oct. 8, 1928.—Plaintiffs filed a bill in equity, averring that they were owners of an apartment-house situated at No. 4701 Wayne Avenue, in the City of Philadelphia, which was occupied by tenants and subject to the lien of mortgages amounting to $260,000; that the defendant, Morris A. Sarshik, with the intention of defrauding the plaintiffs of the rents, induced them to convey the property to George H. Pennypacker, who was a strawman for Sarshik, and to embody in an agreement that plaintiffs would accept a mortgage of $50,000, executed by Pennypacker, secured upon the property, and that all leases existing, and those thereafter to be executed, should be delivered to Sarshik, who would act as agent for the collection of the rents and "pay from said rentals the taxes, water rents, repairs and interest on first, second and third mortgages, after deduction of 5 per cent. commission on the rents collected." The bill avers that Sarshik had no intention of complying with the terms of his agency, but devised this scheme to induce plaintiffs to convey the property to Pennypacker and to enable Sarshik to collect the rents, which he intended to retain or convert to his own use, and in pursuance of his scheme he collected the rents to the extent of $15,000, but failed to apply them to the payment of taxes, interest and other charges, and appropriated them to his own use; that he allowed one of the mortgages to be foreclosed and the property to be sold by the sheriff; that Pennypacker's bond is of no value, and plaintiffs lost their property.

The bill prays for an order requiring Morris A. Sarshik to account for the rentals collected by him from tenants of the premises; for an injunction to prevent the disposal of any rentals remaining in the hands of Sarshik or the corporation, which is alleged to have received some of the money and to be under the control of Sarshik; and that Morris A. Sarshik and Morris A. Sarshik, Inc., be decreed to pay plaintiffs damages by reason of the fraud perpetrated upon them.

The defendant, Morris A. Sarshik, filed preliminary objections to the bill, averring:

"1. That the liability for all of the causes of action set forth cannot be asserted against all of the material defendants and no adequate reason appears why those causes should be joined in order to promote the convenient administration of justice.

"2. That upon the facts averred plaintiffs have a full, complete and adequate remedy at law.

"3. That the defendant should not be required to answer the facts averred, since he has a full and complete defense to the plaintiffs' claim which does not require the production of evidence to sustain, which is as follows:

"(a) The bill shows on its face that Morris A. Sarshik is not liable to the plaintiffs in any manner whatsoever.

"(b) The bill shows on its face that the plaintiffs have no right to demand an account from Morris A. Sarshik.

"(c) The bill shows on its face that there was no contractual relationship between Morris A. Sarshik and the plaintiffs."

Plaintiffs discontinued the suit as to George H. Pennypacker.

The averments of the bill must be assumed true. They disclose a deliberate and premeditated intention on the part of Morris A. Sarshik to defraud plaintiffs by collecting the rents and failing to apply them in accordance with the terms upon which he was trusted to receive them, that is, to apply them to the payment of taxes and interest, but he converted the money to his own use when the intention was carried out, which was a fraud upon plaintiffs.

Sarshik did not sign any of the agreements, and his scheme was skillfully devised to avoid a contractual relation between him and plaintiffs which would enable plaintiffs to institute an action at law against him. Redress for this fraud perpetrated by Sarshik upon plaintiffs can be obtained in a court of equity.

And now, to wit, Oct. 8, 1928, after hearing, the preliminary objections to the bill are dismissed, and defendants are required to answer over within fifteen days, under penalty of having the bill taken *pro confesso*. It is ordered that defendants pay the costs.